```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

FILED
99 JUN 24 AM 9:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 24 1999

```
ITHERINE PATTERSON,           }
                              }
     Plaintiff,               }
                              }    CIVIL ACTION NO.
v.                            }
                              }    98-AR-0652-S
THE BAPTIST HEALTH SYSTEM,    }
INC.,                         }
                              }
     Defendant.               }
```

**MEMORANDUM OPINION**

The court has before it a motion by defendant, The Baptist Health System, Inc. ("Baptist Health"), to reconsider the court's earlier order denying Baptist Health's motion to sever, stay, and compel arbitration of the claims in Count I (sex discrimination) and Count III (retaliation) by plaintiff, Itherine Patterson ("Patterson"). Patterson has agreed to a dismissal of Count II in which she invokes the Family Medical Leave Act. This eliminates the severance issue. The only issue now being reconsidered is whether or not the arbitration agreement executed by Patterson and Baptist Health obligates Patterson to arbitrate the claims she seeks to present in her Counts I and III.

During oral argument on Baptist Health's current motion the court asked the parties to submit briefs and to offer any evidence they deem relevant to the question the court thought might render

this particular arbitration agreement unenforceable under the Federal Arbitration Act ("the FAA"). The written agreement was signed by Patterson, as employee, and by Baptist Health, as employer, while Patterson's Title VII complaint against Baptist Health was pending before the Equal Employment Opportunity Commission ("EEOC") and after Patterson had retained her present counsel but before this suit was filed. For aught appearing, the arbitration agreement was signed before Baptist Health or its lawyers became aware of the fact that Patterson was represented by counsel.

The court agrees that an arbitration agreement, if executed by a represented **litigant** without prior notice to the litigant's counsel, would not be enforceable against that litigant, but conciliation proceedings involving a Title VII claim before the EEOC is not "litigation" for the purpose of creating an impediment to communication between employer and employee without participation by counsel. When an employer has not been notified during an EEOC proceeding that its employee has obtained legal counsel, there is nothing standing in the way of negotiations between the employer and employee that might lead to possible settlement or to an alternative dispute resolution. The mere fact (reflected in the affidavit and letter from attorney, Robert Wiggins) that the EEOC was aware of the existence of an attorney-client relationship between claimant and her lawyer did not

2

constitute notice to the employer of that fact.

Contrary to Patterson's contention, Alabama Rules of Professional Conduct 8.4(a) and 4.2 do not preclude communication between an employer and an employee while the employee has a pending EEOC claim, even though, as here, the communication leads to the execution of an arbitration agreement which, by its express terms, precludes a subsequent suit by the employee over the subject of the EEOC complaint. If there had been proof that Baptist Health, as the employer, was actually aware that Patterson was represented at the time she was asked to execute the arbitration agreement, the court's response might be different, but there is no evidence to that effect. Although Baptist Health apparently did not interpose the arbitration agreement as a defense to the EEOC complaint while the EEOC was considering Patterson's complaint and before the EEOC issued its right-to-sue letter, the court does not deem Baptist Health's failure to raise this issue a waiver of the right to demand arbitration pursuant to the FAA. Under the totality of circumstances, the court finds that the arbitration agreement is binding upon Patterson and is enforceable by Baptist Health.

The court cannot congratulate the person who drafted this particular agreement when he or she used the words "primary and sole means of dispute resolution." Arbitration is either the **sole** means of dispute resolution between these parties, or there is an alternative, subordinate avenue for the resolution of disputes

between the parties. The use of the word "primary" **and** the word "sole" is inexcusably imprecise (a fact that Patterson has not attempted to exploit), but the court has no difficulty in ascertaining that the intent of the parties was to submit to binding arbitration all disputes between them arising in the employment context, whether arising from events which occurred after the execution of the arbitration agreement or before its execution.

The FAA is strong medicine. Patterson signed a contract requiring the arbitration of the claims she makes in Counts I and III. Whether or not Patterson consulted her counsel before she signed the arbitration agreement is neither relevant nor dispositive on the question of the agreement's enforceability; and whether or not Patterson fully understood what she was giving up by signing the agreement is not a question for this court to decide. It may or may not be a legitimate question for the arbitrator. Patterson must hold her nose and swallow the distasteful FAA medicine.

An appropriate separate order will be entered.

DONE this __24th__ day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE